DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Darryl L. Miller, appeals the decision of the Lorain County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.
 I. {¶ 2} On November 25, 1997, Miller was indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C.2923.32(A)(1); three counts of trafficking in cocaine, in violation of R.C. 2925.03(A); one count of trafficking in heroin, in violation of R.C. 2925.03(A); and two counts of possession of drug abuse paraphernalia, in violation of R.C. 2925.14(C)(1). On December 31, 1998, Miller pleaded guilty to all counts.
 {¶ 3} At his March 12, 1999 sentencing proceeding, Miller filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Miller argued that, due to the ineffective assistance of his attorney, his guilty plea was not knowing, intelligent, and voluntary. After holding a hearing, the trial court denied Miller's motion and sentenced him accordingly.
 {¶ 4} On direct appeal to this Court, Miller challenged the trial court's denial of his motion to withdraw his guilty plea. Miller reiterated his argument that his guilty plea was the product of ineffective assistance of counsel. Finding this argument to be without merit, this Court affirmed the judgment of the trial court. State v.Miller (Jul. 19, 2000), 9th Dist. No. 99CA007334.
 {¶ 5} During the pendency of that appeal, Miller filed, with the trial court, a motion to vacate a void judgment pursuant to Civ.R. 60(B). In that motion, Miller again argued that he had received ineffective assistance of counsel. Miller also claimed prosecutorial misconduct. The trial court denied this motion on August 2, 2000, shortly after this Court affirmed the denial of Miller's initial Crim.R. 32.1 motion.
 {¶ 6} Miller subsequently filed two more motions to withdraw his guilty plea pursuant to Crim.R. 32.1. The first was filed on November 28, 2000. In this motion, Miller again argued that he received ineffective assistance of counsel. This motion was denied on January 14, 2003. The next motion was filed on March 10, 2003. In this latest motion, Miller asserted two claims, each of which had been raised in his prior motions: (1) ineffective assistance of counsel; and (2) prosecutorial misconduct. The trial court denied this motion on March 19, 2003.
 {¶ 7} Miller now appeals the trial court's denial of his March 10, 2003 motion to withdraw his guilty plea. Miller asserts four assignments of error, which we consolidate to facilitate review.
 II. First Assignment of Error
"The Trial Court Abused its Discretion when it Denied Appellant['s] Motion to withdraw Guilty plea Prematurely, without allowing Appellant to respond to the State['s] Motion in Opposition and Failing to hold an Evidentiary Hearing."
Second Assignment of Error
"The Trial Court Abused its Discretion when it Failed to Hold A Documentary hearing upon the attached Exhibits in Appellant[']s Motion to withdraw Guilty plea."
Third Assignment of Error
"The Trial Court Abused its Discretion when it Denied Appellant's Motion to withdraw Guilty plea based on [his] Claim of Prosecutorial Conduct."
Fourth Assignment of Error
"The Trial Court Abused its Discretion when it Denied Appellant's Motion to withdraw Guilty Plea on [his] Claim of Ineffective Assistance of Trial Counsel."
 {¶ 8} In each of his assignments of error, Miller challenges the trial court's denial of his March 10, 2003 motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In his first two assignments of error, Miller contests the procedures followed by the trial court; in his second two assignments of error, Miller disputes the substance of the trial court's decision. Because the claims made in Miller's motion are barred by res judicata, each of his assignments of error is without merit.
 {¶ 9} A motion to withdraw a guilty plea made pursuant to Crim.R. 32.1, regardless of whether it raises a constitutional issue, is separate and distinct from a petition for post-conviction relief filed pursuant to R.C. 2953.21. State v. Gegia, 9th Dist. No. 21438, 2003-Ohio-3313, at P7, citing State v. Bush (2002), 96 Ohio St.3d 235. Accordingly, post-sentence Crim.R. 32.1 motions to withdraw a guilty plea are not governed by the time limits imposed by R.C. 2953.21. Id. However, such motions are subject to the doctrine of res judicata. See State v.Wooden, 10th Dist. No. 02AP-473, 2002-Ohio-7363, at P20.
 {¶ 10} Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated. State v. McMinn (June 16, 1999), 9th Dist. No. 2927-M, at 5. Miller filed three motions prior to the March 10, 2003 motion which is the subject of this appeal. Like the March 10 motion, each of those prior motions challenged the validity of Miller's December 31, 1998 guilty plea. Also like the March 10 motion, each of those prior motions was denied. The March 10 motion did not raise any issues that had not already been adjudicated through the prior motions. Consequently, the claims made in Miller's March 10, 2003 motion to withdraw his guilty plea pursuant to Crim.R. 32.1 are barred by res judicata.
 {¶ 11} Therefore, the trial court committed neither procedural nor substantive error in its denial of Apellant's motion to withdraw his guilty plea. Appellant's four assignments of error are overruled.
 III. {¶ 12} Each of Appellant's four assignments of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Slaby, P.J., Carr, J. concur.