DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Ravon Jeter, appeals the July 11, 2006 judgment of the Erie County Court of Common Pleas which, following a guilty plea, sentenced appellant to a total of 18 years of imprisonment. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} A brief recitation of the facts is as follows. On September 19, 2005, appellant was indicted on one count of each of the following: attempted aggravated murder (R.C. 2903.01(A), R.C. 2923.02(A)), aggravated robbery (R.C. 2911.01(A)(3)), assault (R.C. 2903.13(A)), grand theft/auto (R.C. 2913.02(A)(1), and tampering with evidence (R.C.2921.12(A)(1)). On September 22, 2005, appellant entered a not guilty plea to the charges. On March 20, 2006, appellant entered a guilty plea to an amended count of complicity to commit felonious assault, aggravated robbery, and assault. On March 24, 2006, appellant was sentenced to eight years of imprisonment for complicity to commit felonious assault, nine years of imprisonment for aggravated robbery, and 12 months of imprisonment for assault; the sentences were ordered to be served consecutively (the sentencing judgment entry was journalized on July 11, 2006.) On May 8, 2006, appellant, pro se, filed a motion to withdraw his guilty plea; on May 30, 2006, the motion was denied. This appeal followed.
 {¶ 3} Appellant now raises the following assignment of error:
 {¶ 4} "Defendant was denied his constitutional right to effective assistance of counsel where counsel failed to: meet with defendant prior to trial and discuss the case and failed to investigate the facts of the case."
 {¶ 5} In his sole assignment of error appellant argues that he was denied the effective assistance of counsel.
 {¶ 6} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the *Page 3 
trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In essence, appellant must show that the proceeding, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Moreover, by entering a guilty plea appellant has waived any claim of ineffective assistance of counsel, unless he demonstrates that the ineffective assistance of counsel "caused the plea to be less than knowing and voluntary." State v. Barnett (1991),73 Ohio App.3d 244, 249, citing United States v. Broce (1989), 488 U.S. 574.
 {¶ 7} In the present case, appellant argues that his counsel was ineffective by failing to adequately investigate the case. Specifically, appellant contends that trial counsel failed to obtain a gas station surveillance tape and failed to interview the co-defendant who admittedly caused injury to the victim.
 {¶ 8} We have carefully reviewed the record in this case and find that trial counsel provided constitutionally effective representation. Transcripts of the confessions of both appellant and his co-defendant were admitted at the sentencing hearing. During appellant's police interview, he mentions the surveillance video when asked where the victim came from (appellant indicated that he was high on drugs and was in the store at the time.) Regardless, the assault on the victim did not occur at the gas station, it occurred approximately two minutes away behind the "OK lot." Further, during the *Page 4 
course of the proceedings, appellant's counsel requested discovery and requested several continuances to review the discovery. Finally, during the plea hearing, trial counsel stated that he thoroughly reviewed the plea agreement with appellant and advised appellant of his Crim.R. 11 rights. The trial court also informed appellant of the maximum sentence for each offense, the court reviewed the constitutional rights that appellant was waiving, the court ascertained that appellant understood the proceedings and that he was not promised or offered anything in exchange for the plea.
 {¶ 9} Based on the foregoing we find that appellant's counsel was constitutionally effective and did not negatively affect the knowing and voluntary nature of appellant's guilty plea. Appellant's assignment of error is not well-taken.
 {¶ 10} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR. *Page 1