DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Thomas Crangle ("Crangle"), appeals from the decision of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On December 14, 2006, Crangle was indicted on one count of rape, a first degree felony in violation of R.C. 2907.02(A)(1)(b), one count of kidnapping, a first degree felony in violation of R.C. 2905.01(A)(3), and gross sexual imposition, a third degree felony in violation of R.C. 2907.05(A)((4). On December 18, 2006, Crangle pled not guilty to these charges.
 {¶ 3} A supplemental indictment was filed on February 1, 2007, adding a specification to the previously indicted rape charge, charging Crangle as a sexually violent predator as defined in R.C. 2971.01(H), in violation of R.C. 2941.148 [2971.02]. On February 5, 2007, Crangle pled not guilty to the specification. A jury trial was set for February 21, 2007. *Page 2 
 {¶ 4} On February 21, 2007, just prior to the trial, the trial court conducted a hearing on the competency of the rape victims to testify and on the State's motion to present "other acts" testimony. The trial court determined that both witnesses, under the age of ten, were competent to testify. Further, the trial court determined that the State's "other acts" evidence was admissible. The parties then resumed plea negotiations.
 {¶ 5} Prior to trial, Crangle informed the trial court that he wished to change his plea from not guilty to guilty. The parties indicated that Crangle's change of plea was a result of a plea negotiation wherein he would enter a plea of guilty to the rape charge and stipulate that he was a sexual predator. The State agreed to dismiss the charges of kidnapping and gross sexual imposition, and to dismiss the sexually violent predator specification. The trial court then sentenced Crangle to life imprisonment with parole eligibility after ten years. Crangle has appealed from his conviction, asserting one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"[CRANGLE] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 6} In his sole assignment of error, Crangle contends that he was denied the effective assistance of counsel. We do not agree.
 {¶ 7} Crangle specifically argues that his trial counsel was ineffective by allowing him to plead guilty rather than no contest to the rape charge. He contends that by entering a guilty plea, he is precluded from appealing the trial court's determinations regarding the competency of the child victims and the admission of the State's "other acts" evidence. *Page 3 
 {¶ 8} To prevail on his claim, Crangle must show that his "`counsel's performance was deficient.'" State v. Xie (1992), 62 Ohio St.3d 521,524, quoting Strickland v. Washington (1984), 466 U.S. 668, 687. Next, Crangle must show that "`that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]'"Xie, 62 Ohio St.3d at 524, quoting Hill v. Lockhart (1985), 474 U.S. 52,59; see, also, Strickland, 466 U.S. at 687. Crangle argues that his counsel was ineffective for not informing him of the consequences of a guilty plea. We do not agree with his assertion.
 {¶ 9} We note that Crangle states in a footnote that the trial court complied with Crim. R. 11(C) when conducting the plea colloquy. Despite this, Crangle contends, "a strong argument can be made that [Crangle's] guilty plea was nevertheless not knowing, intelligent, and voluntary in nature." He states that because he was a layperson, he could not have foreseen the implications a guilty plea would have on his right to appeal. He states that it was up to his trial counsel to structure a no contest plea for him. As such, we read Crangle's argument to be that he did not understand the ramifications of his guilty plea on his appellate rights because his trial counsel did not adequately explain them to him. We do not agree.
 {¶ 10} At the change of plea hearing, the State informed the trial court that the parties had reached a plea agreement. The agreement was that Crangle would plead guilty to the rape charge and that he would stipulate to the sexual predator finding. There is nothing on the record before this Court to indicate that the plea negotiations afforded Crangle a choice between a no contest plea and a guilty plea. The charge would carry a life sentence with the opportunity to go before the Parole Board after ten years. The State would then dismiss the remaining charges. Crangle's counsel indicated that the State had fairly and accurately stated the plea negotiations. Crangle's counsel further indicated that he had discussed the plea negotiations with Crangle and *Page 4 
that Crangle was aware of the proceedings and the potential penalties involved. The trial court then spoke to Crangle. Along with the requisite Crim. R. 11(C)(2) inquiries, the trial court specifically asked Crangle:
 "THE COURT: * * * Now, you understand that with this course of action that it means that there will be no appeal in this case? Do you understand that as well?"
 "[CRANGLE]: Yes.
 "THE COURT: And you're willing to proceed on those terms then?
 "[CRANGLE]: Yes, I am.
 "THE COURT: I would find then a knowing, voluntary, intelligent waiver here of trial rights, that you have been well represented by counsel and do understand the charges against you."
 {¶ 11} Further, Crangle signed, in open court and on the record, a written plea of guilty. In this document, Crangle acknowledged that he has "been informed that by pleading guilty I waive my right to appeal any issues that might have been raised had I gone to trial and been convicted, and I understand that right of appeal and it is my intention to waive it." Crangle further agreed that he was "satisfied with [his] attorney's advice and competence." Crangle stated that he had reviewed the document with his attorney prior to signing it. He further stated that he had sufficient time to speak with his attorney and that his attorney had answered his questions.
 {¶ 12} Based on the above discussion, "we find that [Crangle's] counsel was constitutionally effective and did not negatively affect the knowing and voluntary nature of [Crangle's] guilty plea." State v.Jeter, 6th Dist. No. E-06-054, 2007-Ohio-6127, at ¶ 9. Accordingly, Crangle's assignment of error is overruled. *Page 5 
 III. {¶ 13} Crangle's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J. CARR, P. J. CONCUR *Page 1