[Cite as *State v. Crangle*, 2011-Ohio-5776.]

STATE OF OHIO        )                  IN THE COURT OF APPEALS
                          )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                     C.A. No.      25735

     Appellee

     v.                           APPEAL FROM JUDGMENT
                               ENTERED IN THE
THOMAS CHARLES CRANGLE      COURT OF COMMON PLEAS
                               COUNTY OF SUMMIT, OHIO
     Appellant               CASE No.     CR 06 12 4299

DECISION AND JOURNAL ENTRY

Dated: November 9, 2011

---

DICKINSON, Judge.

## INTRODUCTION

{¶1} Thomas Crangle pleaded guilty to rape, and the trial court sentenced him to life in prison. Mr. Crangle appealed, and this Court affirmed his conviction and sentence. Two years later, Mr. Crangle moved to withdraw his plea, arguing that the trial court failed to tell him about post-release control before accepting his plea. Because the court failed to impose post-release control in its sentence, Mr. Crangle also moved for a corrected sentence. The trial court held a hearing on Mr. Crangle's motions and corrected the post-release control error under Section 2929.19.1 of the Ohio Revised Code. It denied his motion to withdraw his guilty plea, and he has appealed that denial. We affirm because the trial court did not have authority to consider Mr. Crangle's motion to withdraw his guilty plea.

## MOTION TO WITHDRAW PLEA

{¶2} Mr. Crangle's assignment of error is that the trial court incorrectly denied his motion to withdraw his plea. He moved to withdraw his plea because the trial court did not tell him about post-release control at his plea colloquy and the Ohio Supreme Court has held that, "[i]f the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause." *State v. Sarkozy*, 117 Ohio St. 3d 86, 2008-Ohio-509, at paragraph two of the syllabus.

{¶3} *Sarkozy* is distinguishable because Michael Sarkozy raised his argument on direct appeal. In this case, Mr. Crangle waited until almost two years after this Court affirmed his conviction to raise this issue. Accordingly, *Sarkozy* is not controlling.

{¶4} In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St. 2d 94 (1978), Ronald Asher pleaded guilty to murder and the trial court accepted his plea, resulting in his conviction. The Seventh District Court of Appeals affirmed the trial court's judgment. Mr. Asher then moved to withdraw his plea under Rule 32.1 of the Ohio Rules of Criminal Procedure. The trial court granted his motion, but before the case could proceed to trial, the State sought a writ of prohibition, arguing that the court had lacked jurisdiction to consider Mr. Asher's motion. The Seventh District denied the writ, and the State appealed.

{¶5} The Ohio Supreme Court noted that "the pivotal issue herein presented is whether the trial court exceeded its jurisdiction in vacating [Mr. Asher's] plea of guilty subsequent to the Court of Appeals' affirmance of its prior judgment convicting the appellee on the basis of his guilty plea." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St. 2d 94, 96 (1978). It determined that a trial court loses jurisdiction over a case when an appeal is

taken and, absent a remand, does not regain jurisdiction subsequent to the Court of Appeals' decision. *Id*. at 97. It explained that, even though a trial court retains jurisdiction over issues not inconsistent with the jurisdiction of the court of appeals, the granting of a motion to withdraw is "inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised on the guilty plea." *Id*. It also determined that Rule 32.1 of the Ohio Rules of Criminal Procedure does not, independently, "vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and affirmance by the appellate court." *Id*. It, therefore, held that the trial court did not have authority to grant the motion to withdraw plea Mr. Asher filed after the Seventh District upheld its judgment. *Id*. at 98.

{¶6}    In this case, Mr. Crangle appealed the trial court's judgment to this Court, and we affirmed his conviction, which was based on his guilty plea. The trial court, therefore, did not have authority, under *Special Prosecutors*, to consider Mr. Crangle's motion to withdraw his plea under Criminal Rule 32.1. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St. 2d 94, 98 (1978).

{¶7}    Mr. Crangle has argued that *Special Prosecutors* does not apply to this case because we remanded his case to the trial court in our prior opinion. He has pointed to language in that opinion that "[w]e order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution." *State v. Crangle*, 9th Dist. No. 24033, 2008-Ohio-5703, at ¶13. Even if that language were sufficient to constitute a "remand," it was limited to the specific purpose of carrying the judgment into effect. See *State ex rel. Rogers v. Marshall*, 4th Dist. No. 05CA3004, 2008-Ohio-6341, at ¶32. In *State v. O'Neal*, 9th Dist. No. 06CA0056-M, 2008-Ohio-1325, this Court reversed Mr. O'Neal's sentence and remanded for resentencing consistent with *State v. Foster*,

109 Ohio St. 3d 1, 2006-Ohio-856. On remand, Mr. O'Neal moved to withdraw his plea, but the trial court denied his motion. On appeal, this Court concluded that the trial court did not have authority to consider Mr. O'Neal's motion to withdraw his plea. *Id*. at ¶13. Citing *Special Prosecutors*, we explained that, "[if] this Court remands a matter for resentencing, the trial court may not entertain a motion to withdraw a plea. Any consideration of such a motion would be inconsistent with this Court's jurisdiction and our order that the trial court resentence the defendant. Indeed, if a trial court were to grant a defendant's post-remand motion to withdraw his plea, the trial court's order would essentially undo the entire appeal." *Id*. at ¶11 (following *State v. Roper*, 9th Dist. No. 22988, 2006-Ohio-3661). Accordingly, we conclude that our "special mandate" did not confer authority on the trial court to consider Mr. Crangle's motion to withdraw his plea.

{¶8} Before concluding our analysis, we must determine the extent to which the Supreme Court's holding in *Special Prosecutors* has been affected by its recent decision in *State v. Davis*, __ Ohio St. 3d __, 2011-Ohio-5028. A jury convicted Roland Davis of aggravated murder, murder, kidnapping, aggravated burglary, and aggravated robbery, and the trial court sentenced him to death. The Ohio Supreme Court affirmed his convictions and sentence on appeal. Mr. Davis petitioned for post-conviction relief, but the trial court dismissed his petition without holding an evidentiary hearing. While his appeal from that decision was pending, Mr. Davis moved for leave to file a motion for new trial based on newly discovered DNA evidence under Rule 33(B) of the Ohio Rules of Criminal Procedure. According to Mr. Davis, he was unavoidably prevented from presenting the evidence at trial or within 120 days after trial. The trial court denied Mr. Davis's motion for new trial, and the Fifth District affirmed, concluding that, under *Special Prosecutors*, the trial court did not have authority to act on the motion.

{¶9} On appeal to the Supreme Court, Mr. Davis argued that the trial court's consideration of his motion for new trial would not be inconsistent with the doctrine of law of the case because he had presented new evidence that was never considered in his previous appeals. The Supreme Court noted that *Special Prosecutors* was not decided "based on the law-of-the-case doctrine" and agreed that the doctrine would not prevent a trial court from considering newly discovered evidence. *State v. Davis*, __ Ohio St. 3d __, 2011-Ohio-5028, at ¶37. It wrote that "[w]e take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure." *Id.* Explaining that a trial court acts as a gatekeeper for such motions, with the authority to limit litigation "to viable claims only," it held that "a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id.*

{¶10} At first glance, *Special Prosecutors* may appear inconsistent with *Davis*'s "does not bar . . . posttrial motions" language because a defendant may move to withdraw his plea even after he has been convicted. Crim. R. 32.1 ("[T]o correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."). In *Davis*, however, the Supreme Court explained that it was only modifying *Special Prosecutors* to the extent the case had been applied to "posttrial" motions. A motion to withdraw a guilty plea does not follow a trial and, therefore, is not a "posttrial" motion. While some courts have referred to a post-sentence motion to withdraw a plea as a "posttrial" motion, the Supreme Court has not used the term in that context and appears to have intended a narrow construction of it in *Davis*. See *Thorp v. Strigari*, 155 Ohio App. 3d 245, 2003-Ohio-5954, at ¶3-4; *State v. Kattleman*, 3d Dist. No. 2-2000-25, 2000 WL 1745156 at *1 (Nov. 28, 2000); *State*

*v. Smith*, 2d Dist. Nos. 92-CA-115, 92-CA-116, 1993 WL 386245 at *4 (Sept. 29, 1993); *State v. Sims*, 8th Dist. No. 37910, 1979 WL 209802 at *3 (Feb. 15, 1979). When the Supreme Court has referred to motions to withdraw a plea after the defendant has been convicted and sentenced, it has used the term "postsentence" to describe them. *State v. Boswell*, 121 Ohio St. 3d 575, 2009-Ohio-1577, at ¶9; *State v. Schlee*, 117 Ohio St. 3d 153, 2008-Ohio-545, at ¶13; *State v. Bush*, 96 Ohio St. 3d 235, 2002-Ohio-3993, at syllabus. To construe the term "posttrial" to include post-sentence motions to withdraw a plea would place the Supreme Court's statement in *Davis* in direct conflict with its holding in *Special Prosecutors*, and that does not appear to have been the intention of the Court.

{¶11} Under *Special Prosecutors*, the trial court did not have authority to consider Mr. Crangle's motion to withdraw his plea. Mr. Crangle's assignment of error is overruled.

CONCLUSION

{¶12} A trial court does not have authority to consider a motion to withdraw a defendant's guilty plea after the court of appeals has affirmed his conviction and sentence. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT


WHITMORE, J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶13} I agree that Crangle's sole assignment of error must be overruled. Based on *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, the trial court lacked jurisdiction to consider Crangle's motion to withdraw his plea. I would not discuss *State v. Davis*, Slip Opinion No. 2011-Ohio-5028, as this case does not involve either a motion for a new trial or an argument premised upon newly discovered evidence. See *Davis* at paragraph two of the syllabus. Accordingly, I concur in judgment only.


BELFANCE, P. J.
DISSENTS, SAYING:

{¶14} I respectfully dissent, as I would conclude that based upon *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, at ¶26, Mr. Crangle is entitled to withdraw his plea as the trial court and defense counsel mistakenly agreed during the plea colloquy that Mr. Crangle was not subject to post-release control; thus, Mr. Crangle was not informed during his plea of his post-

release control obligations. Id. ("Sarkozy's plea could not have been knowingly and intelligently given because the trial court failed to advise him at the plea hearing that postrelease control would be part of his sentence.").

{¶15} The majority does not address the merits of Mr. Crangle's arguments as it concludes that the trial court lacked jurisdiction to consider Mr. Crangle's motion based on the authority of *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94. Further, the majority concludes that the recent Supreme Court of Ohio decision of *State v. Davis*, Slip Opinion No. 2011-Ohio-5028, does not alter this conclusion. For the reasons outlined below, I disagree.

{¶16} As I noted in my separate opinion in *State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, at ¶¶16-37 (Belfance, J., concurring in judgment only), I do not agree with this Court's decision to expand the holding of *Special Prosecutors* beyond the facts of that case. Like Mr. Crangle, the defendant in *Special Prosecutors* filed a motion to withdraw his plea after his conviction had been affirmed on direct appeal. See *Special Prosecutors*, 55 Ohio St.2d at 96. However, unlike Mr. Crangle, the defendant in *Special Prosecutors* challenged the validity of his plea on direct appeal. See *State v. Asher* (March 3, 1976), 7th Dist. No. 1183. Thus, "[t]he *Special Prosecutors*' holding, considered in light of the facts before the Court, is consistent with general practice – when the court of appeals has considered and decided an issue," the trial court cannot reconsider that specific issue at a later time. *Molnar* at ¶23. It is my continued view that "*Special Prosecutors* is limited to those cases where an appellate court has considered and passed upon an issue, thus depriving a trial court of authority to alter the appellate court's decision." Id. As Mr. Crangle did not challenge the voluntary nature of his plea on direct

appeal, see *State v. Crangle*, 9th Dist. No. 24033, 2008-Ohio-5703, I would conclude that the trial court had jurisdiction to consider his motion to withdraw based upon that issue.

{¶17} Moreover, my view is not altered by the Supreme Court's recent decision in *Davis.* In fact, *Davis* supports the notion that the Supreme Court's holding in *Special Prosecutors* was limited and should not be read as expansively as courts of appeals have done in the recent past. *Davis* at ¶37. While *Davis* addressed whether a trial court had jurisdiction to consider a motion for a new trial based upon newly discovered evidence after the conviction had been affirmed on direct appeal, see id., the Court included language addressing posttrial motions in general. The Supreme Court stated:

> "We take this opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure. These motions provide a safety net for defendants who have reasonable grounds to challenge their convictions and sentences. The trial court acts as the gatekeeper for these motions, and, using its discretion, can limit the litigation to viable claims only. In light of the foregoing, we hold that a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." Id.

While it is true, as pointed out by the majority, that the Court used the phrase "posttrial motions" as opposed to post-sentence motions, id., there is nothing in the opinion to suggest the same reasoning would not apply to post-sentence motions to withdraw a guilty plea that were likewise based on a "specific issue [that was] not decided upon direct appeal." Id. Thus, as I believe *Davis* supports the view that the holding of *Special Prosecutors* should be limited to its facts, I would conclude the trial court possessed jurisdiction to consider Mr. Crangle's motion. Further, as noted above, as Mr. Crangle was not informed of his post-release control obligations during his plea colloquy, under *Sarkozy* he is entitled to withdraw his plea. *Sarkozy* at ¶26. Accordingly, I dissent.

APPEARANCES:

STEPHEN P. HARDWICK, Assistant Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.