[Cite as *State v. Kimbro*, 2014-Ohio-4869.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.    13CA010506 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRANCE KIMBRO | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    06CR072505 |

DECISION AND JOURNAL ENTRY

Dated: November 3, 2014

CARR, Judge.

{¶1} Appellant, Terrance Kimbro, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On February 8, 2007, the Lorain County Grand Jury indicted Kimbro on a litany of offenses including murder, felonious assault, and attempted murder, along with attendant firearm and repeat violent offender specifications. After initially pleading not guilty at arraignment, Kimbro entered a plea of guilty to the charges in the indictment. The trial court imposed an aggregate sentence of 18 years to life imprisonment.

{¶3} More than four years after he was sentenced, Kimbro filed a pro se motion to withdraw his plea. The trial court issued a journal entry denying the motion on October 5, 2012. On January 7, 2013, Kimbro filed a motion for leave to file a delayed appeal from the October 5,

2012 order. This Court denied Kimbro's motion for leave to appeal on the basis that he had provided insufficient reasons to justify the delay.

{¶4} Kimbro subsequently filed a second pro se motion to withdraw his plea. The trial court denied the motion on November 12, 2013.

{¶5} Kimbro filed a timely notice of appeal, and raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

APPELLANT CONTENDS THAT HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED, WHEN COUNSEL FAILED TO REQUEST A[N] EVIDENTIARY HEARING TO QUESTION THE WHEREABOUTS OF EXCULPATORY EVIDENCE[.]

**ASSIGNMENT OF ERROR II**

APPELLANT CONTENDS [PROSECUTORIAL] MISCONDUCT, IN VIOLATION OF APPELLANT'S FIFTH AMENDMENT [RIGHT] OF DUE PROCESS BY NOT DISCLOSING EXCULPATORY EVIDENCE IN THE DISCOVERY[.]

{¶6} In his two assignments of error, Kimbro argues that the trial court erred in denying his second motion to withdraw his plea. This Court disagrees.

{¶7} This Court has recognized that a successive motion to withdraw a guilty plea filed pursuant to Crim.R. 32.1 is subject to the doctrine of res judicata. *State v. Miller*, 9th Dist. Lorain No. 03CA008259, 2003-Ohio-6580, ¶ 9. "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, citing *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. An offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion. *Zhao* at ¶ 7-8.

{¶8} As noted above, Kimbro filed a motion to withdraw his guilty pleas in 2012. After the trial court denied the motion, Kimbro did not file a timely notice of appeal, and his motion for leave to file a delayed appeal was denied by this Court. Kimbro subsequently filed a second motion to withdraw his guilty plea in 2013, which was also denied by the trial court. Now on appeal from the trial court's denial of that motion, Kimbro advances two arguments pertaining to his inability to access allegedly exculpatory evidence during discovery. Kimbro has failed to explain why he was prevented from raising those issues at the time he filed his first motion to withdraw his guilty plea in 2012. *See Zhao* at ¶ 8 ("The doctrine of res judicata bars appellant's current challenge of the court's denial of his motion to withdraw his guilty plea because the issues he raises now could have been fully litigated on direct appeal [] or raised in his initial motion to withdraw his guilty plea pursuant to Crim.R. 32.1."). Under these circumstances, the trial court properly denied the motion as the issues set forth therein were barred under the doctrine of res judicata. *Zhao* at ¶ 7-8.

{¶9} Kimbro's first and second assignments of error are overruled.

III.

{¶10} Kimbro's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

TERRANCE KIMBRO, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.