[Cite as *State v. Crangle*, 2019-Ohio-1973.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29162 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS CHARLES CRANGLE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2006-12-4299 |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2019

CARR, Judge.

{¶1} Defendant-Appellant Thomas C. Crangle appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court summarized much of the history of this case in the prior appeal:

"On December 14, 2006, Crangle was indicted on one count of rape, a first degree felony in violation of R.C. 2907.02(A)(1)(b), one count of kidnapping, a first degree felony in violation of R.C. 2905.01(A)(3), and gross sexual imposition, a third degree felony in violation of R.C. 2907.05(A)(4). On December 18, 2006, Crangle pled not guilty to these charges.

A supplemental indictment was filed on February 1, 2007, adding a specification to the previously indicted rape charge, charging Crangle as a sexually violent predator as defined in R.C. 2971.01(H), in violation of R.C. 2941.148 [2971.02]. On February 5, 2007, Crangle pled not guilty to the specification. A jury trial was set for February 21, 2007.

* * *

Prior to trial, Crangle informed the trial court that he wished to change his plea from not guilty to guilty. The parties indicated that Crangle's change of plea was a result of a plea negotiation wherein he would enter a plea of guilty to the rape

charge and stipulate that he was a sexual predator. The State agreed to dismiss the charges of kidnapping and gross sexual imposition, and to dismiss the sexually violent predator specification. The trial court then sentenced Crangle to life imprisonment with parole eligibility after ten years."

*State v. Crangle*, 9th Dist. Summit No. 24033, 2008-Ohio-5703, ¶ 2-5.

Mr. Crangle filed a delayed appeal with this Court, arguing that his trial counsel provided ineffective assistance by allowing him to plead guilty rather than no contest to the rape charge. *Id.* at ¶ 6-7. This Court rejected Mr. Crangle's argument and affirmed the trial court's decision. *Id.* at ¶ 13.

"Two years later, Mr. Crangle moved to withdraw his plea, arguing that the trial court failed to tell him about post-release control before accepting his plea." *State v. Crangle*, 9th Dist. Summit No. 25735, 2011-Ohio-5776, ¶ 1 ("*Crangle II*"). "Because the court failed to impose post-release control in its sentence, Mr. Crangle also moved for a corrected sentence." *Id.* After a hearing, the trial court corrected the post-release control error via a nunc pro tunc entry, and denied his motion to withdraw his guilty plea. *Id.* Mr. Crangle then appealed the trial court's denial of his motion to withdraw his guilty plea. *Id.* This Court affirmed the trial court's decision on the basis that the trial court lacked authority to consider Mr. Crangle's motion. *Id.* at ¶ 1, 12. In doing so, this Court held that "[a] trial court does not have authority to consider a motion to withdraw a defendant's guilty plea after the court of appeals has affirmed his conviction and sentence." *Id.* at ¶ 12.

In 2017, Mr. Crangle filed a "Motion To Correct Statutorily Invalid Sentence" wherein he argued that his sentence was void ab initio because the trial court did not sentence him according to the applicable statutes. Relatedly, about a week later, Mr. Crangle filed a motion to withdraw his guilty plea, arguing that his trial counsel provided ineffective assistance when his counsel allowed him to agree to an unlawful sentence. The trial court denied both motions. Mr. Crangle then filed a notice of appeal relative to the trial court's denial of his motion to withdraw his guilty plea. He did not file a notice of appeal relative to the trial court's denial of his "Motion To Correct Statutorily Invalid Sentence[,]" nor did he amend his notice of appeal to include it.

*State v. Crangle*, 9th Dist. Summit No. 28896, 2018-Ohio-2173, ¶ 2-5 ("*Crangle III*").

{¶3} This Court concluded that the arguments related to his "Motion to Correct Statutorily Invalid Sentence" were not properly before the Court as he did not appeal from the entry resolving that motion. *See id.* at ¶ 6-7. With respect to his motion to withdraw his guilty plea, the trial court concluded that "it lacked jurisdiction to consider it, and that-even if it did

have jurisdiction-res judicata barred his argument because he could have raised it in his previous motion to withdraw his guilty plea." *Id.*at ¶ 8. This Court concluded that, contrary to the trial court's conclusion, the trial court "had the authority to consider [] Crangle's motion to withdraw his guilty plea to the extent that it was based upon [his] argument that his sentence was contrary to law and, therefore, void." *Id.* at ¶ 9. This Court therefore "remand[ed] the matter for the trial court to consider the lawfulness of [] Crangle's sentence in the first instance." *Id.*

{¶4} Upon remand, the trial court concluded that Crangle's sentence was not void and therefore concluded that it lacked jurisdiction to consider his motion to withdraw his guilty plea. Crangle has appealed, pro se, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSED A LIFE SENTENCE WITH PAROLE ELIGIBILITY THAT EXISTED PRIOR TO JANUARY 2, 2007, AND FAILED TO RECOGNIZE THAT THIS DEFINITE LIFE SENTENCE IS CONTRARY TO LAW AND VOID WHEN IT DENIED APPELLANT'S [CRIM.R.] 32.1 MOTION TO WITHDRAW GUILTY PLEA.

{¶5} Crangle argues in his assignment of error that his sentence is contrary to law and void, and, therefore, the trial court erred in concluding otherwise. Specifically, Crangle argues that "the sentence that the court imposed is contrary to law because it does not comport with the indefinite sentencing language of [R.C. 2971.03(B)(1)] in effect at the time of Crangle's plea agreement, conviction, and sentence." Essentially, Crangle argues that the version of R.C. 2971.03(B)(1) that became effective January 2, 2007 governed his sentence and, because the trial court did not impose the sentence specified thereunder, his sentence is void.

{¶6} The version of R.C. 2971.03(B)(1) at issue states:

Notwithstanding section 2929.13, division (A), (B), (C), or (F) of section 2929.14, or another section of the Revised Code other than division (B) of section 2907.02 or divisions (D) and (E) of section 2929.14 of the Revised Code that authorizes or requires a specified prison term or a mandatory prison term for a person who is convicted of or pleads guilty to a felony or that specifies the manner and place of service of a prison term or term of imprisonment, *if a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after the effective date of this amendment*, if division (A) of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:

(a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.

(b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.

(c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

(Emphasis added.)

{¶7} Crangle's indictment specified that the crime at issue took place in September 2006. Given the italicized language of the statute, this version of R.C. 2971.03(B)(1) does not apply to Crangle as the offense was committed prior to the effective date of the amendment to the statute. Thus, given Crangle's limited argument, he has not met his burden to demonstrate that the trial court erred in concluding that his sentence was not void. *See State v. Hennacy,* 9th Dist. Summit Nos. 29115, 29116, 2019-Ohio-1332, ¶ 14. Further, Crangle has not explained how, if the trial court was correct in determining that his sentence was not void, the trial court erred in denying his motion to withdraw his guilty plea. *See* App.R. 16(A)(7). Accordingly, Crangle has failed to demonstrate his entitlement to relief.

**{¶8}** Crangle's assignment of error is overruled.

III.

**{¶9}** Crangle's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

THOMAS CHARLES CRANGLE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.