[Cite as *State v. Crangle*, 2026-Ohio-428.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 31603 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS CRANGLE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2006-12-4299 |

DECISION AND JOURNAL ENTRY

Dated: February 11, 2026

SUTTON, Judge.

{¶1} Defendant-Appellant Thomas C. Crangle appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} In 2006, Mr. Crangle was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, one count of kidnapping, in violation of R.C. 2905.01(A)(3), a felony of the first degree, and gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. Mr. Crangle pleaded not guilty to these charges. A supplemental indictment was filed, adding a specification to the previously indicted rape charge, charging Mr. Crangle as a sexually violent predator in violation of R.C. 2941.148. Prior to trial, Mr. Crangle informed the trial court he wished to change his plea from not guilty to guilty. The parties indicated Mr. Crangle's change of plea was a result of a plea negotiation wherein he would

enter a plea of guilty to the rape charge and stipulate he was a sexual predator. The State agreed to dismiss the charges of kidnapping and gross sexual imposition, and to dismiss the sexually violent predator specification. The trial court then sentenced Mr. Crangle to life imprisonment with parole eligibility after ten years. Mr. Crangle filed a delayed appeal with this Court, arguing his trial counsel provided ineffective assistance by allowing him to plead guilty rather than no contest to the rape charge. This Court rejected Mr. Crangle's argument and affirmed the trial court's decision. *State v. Crangle,* 2008-Ohio-5703, ¶ 13 (9th Dist.) ("*Crangle I*").

{¶3} In 2010, Mr. Crangle moved to withdraw his plea, arguing the attorneys and the trial court "advised [him] that post-release control did not apply to him." Because the trial court failed to impose post-release control in its sentence, Mr. Crangle also moved for a corrected sentence. After a hearing, the trial court corrected the post-release control error via a nunc pro tunc entry and denied Mr. Crangle's motion to withdraw his guilty plea. Mr. Crangle appealed the trial court's denial of his motion to withdraw his guilty plea. This Court affirmed the trial court's decision on the basis that the trial court lacked authority to consider Mr. Crangle's motion. In doing so, this Court stated, "[a] trial court does not have authority to consider a motion to withdraw a defendant's guilty plea after the court of appeals has affirmed his conviction and sentence." *State v. Crangle*, 2011-Ohio-5776, ¶ 12 (9th Dist.) ("*Crangle II*"). Mr. Crangle moved for reconsideration of *Crangle II* in this Court, which was denied. Mr. Crangle attempted an appeal of *Crangle II* to the Supreme Court of Ohio, which denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Crangle*, 2012-Ohio-1501. In 2024, Mr. Crangle filed a second motion for reconsideration of *Crangle II* with this Court, arguing the failure of the trial court to advise him of his post-release control obligations required

withdrawal of his guilty plea. This Court denied the motion, and the Supreme Court of Ohio again declined jurisdiction. *State v. Crangle*, 2025-Ohio-481.

{¶4} In 2017, Mr. Crangle filed a second motion to withdraw his guilty plea, arguing his sentence was contrary to law and therefore void. Specifically, Mr. Crangle argued he should have been sentenced pursuant to the relevant statutes in effect when he pleaded guilty and was sentenced. Mr. Crangle also argued his attorney was ineffective by giving him "gross misadvice by allowing [him] to enter into an unlawful plea agreement sentence and misrepresenting the terms and conditions of post-release[]control before and at the plea hearing[.]" The trial court denied the motion on the basis that it lacked jurisdiction to consider the motion, and even if it did have jurisdiction, Mr. Crangle's claims were barred by res judicata. Mr. Crangle again appealed. This Court reversed the decision of the trial court in part, stating, "[w]hile a trial court generally 'does not have the authority to consider a motion to withdraw a defendant's guilty plea after the court of appeals has affirmed his conviction and sentence[,]' a court always has jurisdiction to correct a void judgment." *State v. Crangle*, 2018-Ohio-2173, ¶ 9 (9th Dist.) ("*Crangle III*"). We further stated, "[d]ue to our role as a reviewing court, we cannot make a determination regarding the merits of [Mr. Crangle's] argument in the first instance[,]" and we remanded the matter for the trial court to consider the lawfulness of Mr. Crangle's sentence. *Id.*

{¶5} Upon remand, the trial court determined Mr. Crangle was sentenced pursuant to statutory authority as it existed in 2006 on the date of the crime, and therefore the sentence was in accordance with law and not void. Mr. Crangle appealed the trial court's ruling, raising as his sole assignment of error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSED A
> LIFE SENTENCE WITH PAROLE ELIGIBILITY THAT EXISTED PRIOR TO
> JANUARY 2, 2007, AND FAILED TO RECOGNIZE THAT THIS DEFINITE

LIFE SENTENCE IS CONTRARY TO LAW AND VOID WHEN IT DENIED APPELLANT'S [CRIM.R.] 32.1 MOTION TO WITHDRAW GUILTY PLEA.

Mr. Crangle did not raise as an assignment of error the issue of post-release control. This Court affirmed the decision of the trial court, stating, "[Mr.] Crangle's indictment specified that the crime at issue took place in September 2006. . . [T]his version of R.C. 2971.03(B)(1) does not apply to [Mr.] Crangle as the offense was committed prior to the effective date of the amendment to the statute." *State v. Crangle*, 2019-Ohio-1973, ¶ 7 (9th Dist.) ("*Crangle IV*").

{¶6} On June 5, 2024, Mr. Crangle filed a third motion to withdraw his plea, alleging he received the ineffective assistance of counsel when he pleaded guilty and was sentenced. Mr. Crangle argued the trial court's imposition of post-release control undermined the knowing, intelligent, and voluntary nature of his plea and that his trial counsel was ineffective for not advising him that post-release control would be a part of his sentence. The trial court denied Mr. Crangle's motion to withdraw his guilty plea and his request for an evidentiary hearing. In so doing, the trial court stated in part that res judicata barred the issues raised in Mr. Crangle's third motion to withdraw his plea because any issue that was or could have been raised in a prior action between the parties may not be relitigated. Alternatively, the trial court stated in the event the issues raised by Mr. Crangle were not barred by res judicata, it did not have jurisdiction under Crim.R. 32.1 because Mr. Crangle had not met his burden to establish a manifest injustice, noting Mr. Crangle's written guilty plea indicates he understood he will be supervised for up to five years on post-release control should he be released from prison.

{¶7} Mr. Crangle has appealed, raising two assignments of error for our review. To facilitate our analysis, we will consider Mr. Crangle's assignments of error together.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, BY HOLDING THAT IT LACKED JURISDICTION TO RULE UPON [MR. CRANGLE'S] MOTION TO WITHDRAW GUILTY PLEA, VIOLATING [MR. CRANGLE'S] RIGHT TO PROCEDURAL DUE PROCESS OF LAW.**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO PERMIT WITHDRAWAL OF THE PLEA, VIOLATING [MR. CRANGLE'S] RIGHT TO PROCEDURAL DUE PROCESS OF LAW.**

{¶8} Mr. Crangle argues his guilty plea was not knowing, intelligent, and voluntary because he was told by the trial court and his attorney prior to his plea his sentence would not involve post-release control and adding post-release control to his sentence in a nunc pro tunc entry constitutes a manifest injustice. The State argues the issues raised in Mr. Crangle's third motion to withdraw his guilty plea and in this appeal are barred by the doctrine of res judicata because he has raised them numerous times in previous motions and appeals.

{¶9} The issue of the imposition of post-release control was first raised by Mr. Crangle in his 2010 motion to withdraw his guilty plea and supplemental motion to withdraw guilty plea. In those motions, Mr. Crangle argued the trial court violated Crim R. 11 by failing to advise him in the plea colloquy his sentence would include a mandatory term of post-release control. The denial of Mr. Crangle's 2010 motion to withdraw his guilty plea was the subject of the appeal in *Crangle II*. This Court affirmed the decision of the trial court on the basis of *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94 (1978), stating the trial court did not have authority to consider Mr. Crangle's motion to withdraw his guilty plea because this Court had already affirmed his conviction, which was based on his guilty plea. *Crangle II* at ¶ 6.

Mr. Crangle twice moved for reconsideration of *Crangle II* and twice attempted to appeal *Crangle II* to the Supreme Court of Ohio, which declined jurisdiction.

{¶10} Mr. Crangle argued in his 2017 motion to withdraw his guilty plea his attorney was ineffective by giving him "gross misadvice by allowing [him] to enter into an unlawful plea agreement sentence and misrepresenting the terms and conditions of post-release[]control before and at the plea hearing[.]" Mr. Crangle addressed this issue in *Crangle III*, but after remand, did not address the issue of post-release control on appeal in *Crangle IV*. Instead, in *Crangle IV*, Mr. Crangle argued his sentence was void because he was not sentenced pursuant to the statutory authority in effect at the time of his plea and sentence. After this Court affirmed the decision of the trial court denying the motion to withdraw his guilty plea, Mr. Crangle unsuccessfully attempted a delayed appeal of *Crangle IV* to the Supreme Court of Ohio. *State v. Crangle*, 2019-Ohio-4419.

{¶11} Mr. Crangle's 2024 motion to withdraw his guilty plea, which is the subject of this appeal, again includes claims that the trial court and counsel failed to inform him prior to his plea that his sentence would include a term of post-release control.

{¶12} The Supreme Court of Ohio has applied the doctrine of res judicata to claims in motions to withdraw guilty pleas. In *State v. Ketterer*, 2010-Ohio-3831, ¶ 59, the Supreme Court of Ohio stated res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceeding. This Court has also recognized that successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1 are subject to the doctrine of res judicata. *See State v. Kimbro*, 2014-Ohio-4869, ¶ 7 (9th Dist.), citing *State v. Miller*, 2003-Ohio-6580, ¶ 9 (9th Dist.). Under the doctrine of res judicata, any issue or claim that was or

should have been litigated in a prior action between the parties may not be relitigated. *Kimbro* at ¶ 7.

{¶13}  Mr. Crangle has raised the issue of post-release control multiple times in postconviction motions and appeals and those motions and appeals have been litigated to finality. In this appeal, Mr. Crangle is again arguing the trial court and trial counsel gave him faulty information concerning post-release control.  The issue is therefore barred by res judicata and the trial court did not err in denying Mr. Crangle's third motion to withdraw his guilty plea on that basis.

{¶14}  Accordingly, Mr. Crangle's first and second assignments of error are overruled.

III.

{¶15}  For the forgoing reasons, Mr. Crangle's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

THOMAS CRANGLE, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.