[Cite as *State v. Boware*, 2013-Ohio-5225.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

MELVIN L. BOWARE

    Appellant

C.A. No.    26952

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 93 06 1412

DECISION AND JOURNAL ENTRY

Dated: November 27, 2013

WHITMORE, Judge.

{¶1}    Appellant, Melvin Boware, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2}    On August 31, 1993, Boware pleaded guilty to one count of gross sexual imposition. The court sentenced him to one year in prison, suspended, and two years of probation. No appeal was filed. In December 1994, the court granted Boware's motion to terminate his probation.

{¶3}    In 2013, Boware filed a "PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE," a "MOTION FOR APPOINTMENT OF COUNSEL," a "MOTION FOR EXPERT ASSISTANCE," a "MOTION TO VACATE MY PLEA CONVICTION OR HAVE A NEW TRIAL," and a "MOTION TO HAVE PLEA CONVICTION VACATED OR HAVE A NEW TRIAL." The State filed memoranda in

opposition. The trial court denied all of his motions. Boware now appeals and raises one assignment of error for our review.

II

Assignment of Error

> APPELLANT'S CONVICTION FOR GROSS SEXUAL IMPOSITION WAS BECAUSE THE PROSECUTION DENIED THE APPELLANT THE OPPORTUNITY. TO IMPEACH ITS KEY WITNESS. WHOSE TESTIMONY WAS NOT ONLY MATERIAL TO HIS DEFENCE. BUT, WAS ALSO FAVORABLE TO HIS DEFENCE. IT, ALSO HAD EXCULPATORY VALUE TO PROVING HIM ACTUALLY INNOCENT OF THE CHARGES AGAINST HIM. (Sic.)

{¶4} In his sole assignment of error, Boware argues that the trial court erred in denying his petition for post-conviction relief. We disagree.

{¶5} "Generally, this Court reviews a trial court's denial of a [post-conviction relief] petition for an abuse of discretion." *State v. Perry*, 9th Dist. Summit No. 26766, 2013-Ohio-4466, ¶ 7. However, if the petition is denied on the basis of an issue of law, this Court's review is de novo. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.*, citing *State v. Samuels*, 9th Dist. Summit No. 24370, 2009-Ohio-1217, ¶ 3-7. Therefore, a de novo standard of review is applicable here.

{¶6} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. R.C. 2953.21 provides, in relevant part, that:

> [a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the

judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a). R.C. 2953.21(A)(2) provides, in relevant part, that, "[i]f no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶7} A trial court may not entertain an untimely petition for post-conviction relief unless the petitioner shows that: (1) either he or she "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, [after the filing deadline], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and that the petition asserts a claim based on that right"; and (2) the petitioner shows, by clear and convincing evidence, that, but for the constitutional error at trial, no reasonable fact-finder would have found petitioner guilty. R.C. 2953.23(A)(1)(a)-(b).

{¶8} The trial court accurately summarized Boware's claims as follows: "(1) The victim's brother told another woman that the victim lied in the underlying case; (2) Hearsay evidence was used to arrest and convict the Defendant for a crime he did not commit; (3) [t]he Defendant was denied his right to face witnesses in his case; (4) [t]he Defendant was either forced or coerced to incriminate himself; (5) [t]he Defendant was entrapped by the Akron Police Department; (6) Tampering with witnesses; (7) Unreasonable seizure; (8) Fabrication of evidence; (9) Denial of right to counsel; (10) Abuse of authority; (11) Denial of due process rights; (12) the Akron Police Department withheld DNA evidence favorable to the Defendant;

(13) Malicious prosecution; (14) Ineffective assistance of counsel; (15) Miscarriage of justice; (16) Prosecutorial misconduct; and (17) Sufficiency of evidence."

{¶9}  Boware pleaded guilty in August 1993. Therefore, his deadline for filing a petition for post-conviction relief expired long ago. Further, Boware has failed to satisfy the requirements of R.C. 2953.23(A)(1) which would have permitted the filing of a delayed petition. Because Boware's petition did not comply with the statutory requirements, the court lacked jurisdiction to consider his petition for post-conviction relief. *See State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 27. Accordingly, the court did not err when it denied his petition. Boware's sole assignment of error is overruled.

### III

{¶10}  Boware's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MELVIN L. BOWARE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.