DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gary Meek, appeals from a judgment of the Lorain County Court of Common Pleas that denied his post-sentence motion to withdraw his guilty plea, which raised grounds that he had already raised in a prior motion to withdraw his plea. This Court affirms.
 I {¶ 2} In 1994, Meek was convicted of eleven counts of rape, thirteen counts of gross sexual imposition, twelve counts of corruption of a minor, and one count of sexual imposition after entering a plea of guilty to each of those offenses. The plea was the result of negotiations in which Meek was represented by counsel. Meek did not timely appeal from his convictions. He later moved for leave to file a delayed appeal, which was denied by this Court.
 {¶ 3} More than one year after his convictions and sentencing, Meek filed a petition for post-conviction relief, alleging that he was denied effective assistance of counsel, and, as a result, his pleas were not knowingly, voluntarily, and intelligently entered. Following a hearing, at which Meek was represented by counsel, the trial court denied Meek's petition for post-conviction relief. This Court affirmed that judgment on appeal. State v. Meek (Jan. 22, 1997), 9th Dist. No. 96CA006454.
 {¶ 4} During the next several years, Meek filed a variety of post-conviction motions. Included among them was a motion filed in 2002 that sought withdrawal of his guilty plea and a new trial. Meek alleged that the prosecution had intentionally withheld exculpatory evidence from him. The trial court denied the motion without a hearing. That judgment was affirmed on appeal. State v. Meek, 9th Dist No. 02CA008134, 2003-Ohio-1803.
 {¶ 5} In July 2003, Meek filed another motion to withdraw his guilty plea, again alleging that he was entitled to withdraw his plea because the State had withheld the same exculpatory evidence from him. Meek further alleged that the Ohio Adult Parole Authority had not honored his plea agreement. The trial court again denied the motion without a hearing. Meek appeals and raises five assignments of error, four of which will be consolidated to facilitate review.
 II FIRST ASSIGNMENT OF ERROR
"Trial court abused its discretion to the substantial prejudice of appellant by denying the appellant's motion to withdraw guilty plea without conducting an evidentiary hearing."
 SECOND ASSIGNMENT OF ERROR
"The appellant's guilty plea was not knowingly, voluntarily and intelligently entered and was the product of force when the prosecuting attorney intentionally withheld material evidence after being ordered by the trial court to produce."
 THIRD ASSIGNMENT OF ERROR
"The appellant was denied effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution when counsel failed to investigate the withheld evidence by the prosecution. At the time of appellant's plea neither counsel nor the trial court was aware that the prosecution had withheld the material evidence although being ordered by the trial court to produce."
 FOURTH ASSIGNMENT OF ERROR
"The prosecution committed plain error by intentionally withholding material evidence after being ordered by the trial court to produce and said error denied the appellant his right to due process of law to prepare an adequate defense, thus forcing the appellant to enter a plea."
 {¶ 6} Through his first four assignments of error, Meek contends that the trial court erred in denying his July 2003 Crim.R. 32.1 motion without a hearing because he had alleged that the State had withheld exculpatory evidence and that was a valid ground for withdrawing his guilty plea. Because the July 2003 motion was barred by res judicata, however, the trial court committed no error.[1]
 {¶ 7} Meek had filed a motion to withdraw his guilty plea in 2002 that alleged virtually identical grounds for relief. On October 23, 2002, Meek filed a "MOTION FOR NEW TRIAL; MOTION TO WITHDRAW PLEA," in which he sought to withdraw his guilty plea and go to trial because the prosecution had allegedly withheld exculpatory evidence from him. Specifically, he alleged that the prosecution had withheld written statements of the victims that gave specific dates and times of the offenses that differed from those set forth in the indictment. Meek further alleged that had he known about the witness statements prior to entering his plea, he would have been able to develop an alibi defense and would not have entered a plea of guilty to the offenses. The trial court denied the motion without a hearing.
 {¶ 8} On July 1, 2003, Meek filed another motion to withdraw his guilty plea, again alleging that the State had withheld the same witness statements from him, which led him to enter an involuntary and unknowing plea and that he had received ineffective assistance of counsel due to this lack of information.
 {¶ 9} Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated. State v. McMinn (June 16, 1999), 9th Dist. No. 2927-M. Although some courts have questioned whether res judicata bars claims that might have been, but were not, raised through a Crim.R. 32.1 motion to withdraw a guilty plea, see State v. Gaston, 8th Dist. No. 82628, 2003-Ohio-5825, at ¶ 6, that was not the situation here. Meek not only had an opportunity prior to 2003 to litigate this issue, but he had in fact raised the issue through the 2002 motion to withdraw his guilty plea. Consequently, the claims raised in Meek's July 1, 2003 motion to withdraw his guilty plea pursuant to Crim.R. 32.1 were barred by res judicata.
 {¶ 10} Therefore, the trial court did not err in denying Meek's motion to withdraw his guilty plea without a hearing, as it alleged grounds that he had raised in a prior proceeding. Meek's first, second, third, and fourth assignments of error are overruled.
 FIFTH ASSIGNMENT OF ERROR
"The State of Ohio (through the Ohio Adult Parole Authority) breached the plea agreement (contract) between the appellant by holding the appellant accountable for the offense of murder when the appellant did not plead guilty to, nor was he convicted of the offense of murder."
 {¶ 11} Through this assigned error, Meek contends that the trial court erred in denying the portion of his motion that alleged that the Ohio Adult Parole Authority had not honored his plea agreement. Although this ground was not raised through his prior motion to withdraw his plea, it was not a proper ground for challenging his guilty plea. In fact, through this challenge, Meek was seeking to enforce the plea agreement, not to withdraw it. A Crim.R. 32.1 motion to withdraw a guilty plea was not the proper vehicle for raising this claim. Moreover, the Ohio Adult Parole Authority is not even party to this case. Accordingly, the trial court did not err in denying Meek's motion on this ground. The fifth assignment of error is overruled.
 III. {¶ 12} Meek's five assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird and Batchelder, JJ., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Baird, J., Batchelder, J., Concur
[1] Meek also raised an unrelated claim that will be addressed separately through this Court's disposition of the fifth assignment of error.