DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Hong Zhao, appeals the decision of the Lorain County Court of Common Pleas, which denied his motion to withdraw his guilty plea. This Court affirms.
 I. {¶ 2} On June 4, 1997, appellant entered a plea of guilty to vandalism, tampering with records, and denying access to a computer. The trial court accepted appellant's guilty plea and sentenced him to a total term of imprisonment of two years. Appellant did not appeal this sentence.
 {¶ 3} On August 24, 1998, appellant filed a motion to withdraw his plea pursuant to Crim.R. 32.1, arguing that the plea should be vacated because he faced deportation as a result of the plea. Appellant argued that when he originally entered the guilty plea in Lorain County, it was a second conviction for immigration purposes, with his other being in Cuyahoga County, and thus, he entered into the plea in Lorain County in an attempt to have the court order that his sentence in Lorain County be served concurrent to his sentence in Cuyahoga County. Appellant's conviction in Cuyahoga County was vacated after he entered the guilty plea in Lorain County on June 4, 1997. Thus, the guilty plea in Lorain became the only relevant charge for immigration purposes. The trial court denied appellant's motion to withdraw on November 9, 1998, concluding that no manifest injustice occurred. Appellant did not appeal the trial court's denial of his motion to withdraw his guilty plea pursuant to Crim.R. 32.1.
 {¶ 4} On July 8, 2003, appellant filed a second motion to withdraw his guilty plea, this time, pursuant to R.C. 2943.031. In an entry journalized on October 1, 2003, the trial court denied appellant's second motion to withdraw.
 {¶ 5} Appellant timely appealed the trial court's denial of his second motion to withdraw his guilty plea, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in denying appellant's motion to withdraw his guilty plea filed purusant to R.C. § 2943.031."
 {¶ 6} In his sole assignment of error, appellant contends that the trial court erred in denying his motion to withdraw his guilty plea filed pursuant to R.C. 2943.031.
 {¶ 7} This Court finds that appellant's argument is barred by the doctrine of res judicata. "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." Statev. Meek, 9th Dist. No. 03CA008315, 2004-Ohio-1981, citing Statev. McMinn (June 16, 1999), 9th Dist. No. 2927-M.
 {¶ 8} In the present case, appellant failed to perfect an appeal of his conviction. Furthermore, he failed to appeal the trial court's denial of his first motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The doctrine of res judicata bars appellant's current challenge of the court's denial of his motion to withdraw his guilty plea because the issues he raises now could have been fully litigated on direct appeal in 1997 or raised in his initial motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Consequently, appellant's sole assignment of error is overruled.
 III. {¶ 9} The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Baird, J., Batchelder, J., concur