[Cite as *State v. Fisk*, 2011-Ohio-4064.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DIAMOND M. FISK

    Appellant

C.A. No.     25610

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 02 04 0986(A)

DECISION AND JOURNAL ENTRY

Dated: August 17, 2011

CARR, Presiding Judge.

{¶1} Appellant, Diamond Fisk, appeals the judgment of the Summit County Court of Common Pleas, which denied his most recent motion for resentencing. This Court affirms.

I.

{¶2} In 2002, Fisk was convicted of multiple offenses, including two counts of aggravated robbery, and sentenced. He timely appealed, challenging both the underlying convictions, as well as his sentence. This Court affirmed his convictions but vacated his sentence and remanded for resentencing. *State v. Fisk*, 9th Dist. No. 21196, 2003-Ohio-3149. The trial court resentenced Fisk in 2004. He did not appeal from that order.

{¶3} In 2007, Fisk began filing a series of motions for new trial and resentencing. He filed two appeals, one of which this Court dismissed by journal entry for lack of a final, appealable order, and another which Fisk voluntarily dismissed. *State v. Fisk* (Nov. 20, 2007), 9th Dist. No. 23953; *State v. Fisk* (Oct. 14, 2008), 9th Dist. No. 24372. In 2009, the trial court

resentenced Fisk after determining that his sentence was void pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250. His resentencing included his conviction for two counts of aggravated robbery. Fisk timely appealed, challenging the trial court's application of R.C. 2945.75(A)(2) to his convictions. This Court affirmed. *State v. Fisk*, 9th Dist. No. 24622, 2009-Ohio-4657.

{¶4} Subsequently in 2009, Fisk again moved the trial court to resentence him and properly impose post-release control. The trial court denied the motion. In 2010, he once more moved the trial court to resentence him based on the trial court's alleged failure to comply with Crim.R. 32(C), to properly impose post-release control, and to note that he was found guilty after a jury trial rather than by change of plea. In his March 22, 2010 motion, he expressly asserted that the record "clearly reveals" that "a jury found the defendant guilty of all the alleged offenses thus contained in the indictment." He was indicted on two counts of aggravated robbery. The trial court denied his motion, and Fisk appealed. This Court dismissed his appeal after Fisk failed to file an appellate brief. *State v. Fisk* (Aug. 3, 2010), 9th Dist. No. 25387.

{¶5} On August 13, 2010, more than eight years after his initial conviction and sentencing, Fisk filed a motion for resentencing due to a void sentence. For the first time, Fisk argued that he had been found guilty of only one count of aggravated robbery, rather than the two counts on which he had been indicted. He based his argument on the absence of a jury verdict form or docket entry regarding the second count of aggravated robbery. The State filed a brief in opposition. The trial court denied the motion for resentencing. Fisk filed the instant appeal, raising one assignment of error for review.

II.

## <u>ASSIGNMENT OF ERROR</u>

"THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO TWO COUNTS OF AGGRAVATED ROBBERY, WITH GUN SPECIFICATIONS, BECAUSE HE WAS ONLY FOUND GUILTY OF ONE COUNT OF AGGRAVATED ROBBERY WITH A GUN SPECIFICATION."

{¶6} Fisk argues that the trial court erred by denying his motion for resentencing for the reason that his sentence is void. Specifically, Fisk argues that there is nothing in the record to demonstrate that he was convicted of two counts of aggravated robbery instead of just one. He argues that his sentence for the second count of aggravated robbery, therefore, renders the entire sentence void. This Court need not address the merits of this argument because Fisk's argument is barred by the doctrine of res judicata.

{¶7} The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties. *State v. Zhao*, 9th Dist. No. 03CA008386, 2004-Ohio-3245, at ¶7, citing *State v. Meek*, 9th Dist. No. 03CA008315, 2004-Ohio-1981.

{¶8} In this case, Fisk filed five prior appeals. Three of those appeals were dismissed without a decision on any substantive issues Fisk might have raised. In the other two appeals, however, this Court reached a decision on the substantive issues Fisk raised. He failed, however, to challenge his conviction or sentence for the second count of aggravated robbery. The doctrine of res judicata bars Fisk's current challenge of the trial court's denial of his motion to resentence him because the issue he now raises could have been fully litigated on direct appeal in 2002 or on direct appeal in 2009 after his earlier sentence had been vacated. Consequently, Fisk's sole assignment of error is overruled.

III.

{¶9} Fisk's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.