[Cite as *State v. Boware*, 2014-Ohio-5779.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    27446 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN L. BOWARE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 1993-06-1412 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

HENSAL, Presiding Judge.

{¶1} Melvin Boware appeals from a judgment of the Summit County Court of Common Pleas that denied his motions to vacate his plea agreement. For the following reasons, this Court affirms.

I.

{¶2} In August 1993, Mr. Boware pleaded guilty to one count of gross sexual imposition. The trial court sentenced him to one year in prison, which it suspended, pending his completion of two years of probation. Mr. Boware did not appeal the court's judgment. The following year, the court granted him early termination of his probation.

{¶3} In 2013, Mr. Boware petitioned for post-conviction relief. He also filed a motion to vacate his conviction or for the trial court to order a new trial. Among his allegations was that the State failed to reveal the identity of his accuser. According to Mr. Boware, on the day in question, he had intimate contact with a prostitute named Patricia. When he was arrested, the

officers told him that his accuser's name was Patricia, so he assumed they were referring to the prostitute. He did not discover until years later, however, that the Patricia who filed charges against him was not the prostitute with whom he had engaged in sexual contact. He alleged that, if the State had properly identified his accuser, he would not have pleaded guilty.

{¶4} The trial court denied Mr. Boware's petition and motions. This Court affirmed its judgment on appeal. Mr. Boware subsequently filed a new motion for post-conviction relief and an application for DNA testing. The trial court denied his filings. On May 1, 2014, Mr. Boware filed two new motions to vacate his plea, a motion to compel DNA evidence, and a motion to have the court rule on newly discovered evidence. A month later, he filed another motion to vacate his plea agreement and a motion for discovery of information. On July 9, 2014, the trial court denied all of his pending motions. Mr. Boware has appealed the denial of his motions to vacate his plea agreement.

ASSIGNMENT OF ERROR

THE COMMON PLEAS JUDGE ABUSED HIS DISCRETION AS THE APPELLANT['S] CONVICTION WAS A MANIFEST INJUSTICE AS IT WAS [AN] UNJUST ACT.

{¶5} Mr. Boware argues that he would not have pleaded guilty to gross sexual imposition if the State had told him which Patricia had made a sexual assault complaint against him. He, therefore, argues that the trial court incorrectly determined that he has not established manifest injustice under Criminal Rule 32.1. The State argues in response that Mr. Boware's arguments are barred as res judicata and that he failed to submit any evidence in support of them.

{¶6} The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. It extends to argument "made in support of

a motion to withdraw a plea under Crim.R. 32.1." *State v. Sebestyen*, 9th Dist. Medina No. 12CA0055-M, 2013-Ohio-2606, ¶ 9, quoting *State v. Molnar*, 9th Dist. Summit No. 25267, 2011-Ohio-3799, ¶ 9. Accordingly, a defendant may not raise issues in a successive motion to withdraw a guilty plea that were raised or could have been raised in his initial motion. *State v. Kimbro*, 9th Dist. Lorain No. 13CA010506, 2014-Ohio-4869, ¶ 7.

{¶7} In his prior motions to vacate, Mr. Boware made the same argument about his misidentified accuser as he did in the motions to vacate that are the subject of this appeal. Because Mr. Boware has previously litigated this issue, we conclude that his argument is barred under the doctrine of res judicata. *Id*. at ¶ 8. Mr. Boware's assignment of error is overruled.

III.

{¶8} The trial court correctly denied Mr. Boware's motions to vacate his plea agreement. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MELVIN L. BOWARE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.