[Cite as *State v. Boware*, 2016-Ohio-7024.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27975 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN L. BOWARE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 93 06 1412 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Melvin Boware, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 1993, Boware pleaded guilty to one count of gross sexual imposition.  The trial court imposed a one-year prison sentence which was suspended in favor of a two-year period of probation.  Nearly 20 years later, Boware filed a bevy of motions in the trial court challenging his conviction, including a petition for post-conviction relief.  The trial court denied all of the motions.  Boware appealed to this Court, arguing that the trial court erred in denying his petition for post-conviction relief.  This Court affirmed the trial court's judgment.  *State v. Boware*, 9th Dist. Summit No. 26952, 2013-Ohio-5225.  Boware subsequently filed another wave of motions which included a second petition for post-conviction relief, an application for DNA testing, a motion for discovery, and two motions to vacate his plea.  The trial court again denied all of his

motions. Boware appealed and this Court affirmed the trial court's judgment based on the doctrine of res judicata. *State v. Boware*, 9th Dist. Summit No. 27446, 2014-Ohio-5779.

{¶3} On March 17, 2015, Boware filed another motion to withdraw his plea as well as a motion for a hearing on newly discovered evidence. Both motions were denied by the trial court. Thereafter Boware filed a motion to secure DNA testing, a motion to reconsider newly discovered DNA evidence, and a "Motion to Rule Brady Violation and Vacate Conviction and Grant a New Trial." The trial court issued an order denying these motions on September 23, 2015.

{¶4} Boware filed a timely notice of appeal from the September 23, 2015 judgment entry. On appeal, Boware raises four assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE COMMON PLEAS JUDGE ABUSED HIS DISCRETION WHEN THE DENIED THE MOTION TO RECONSIDER NEWLY DISCOVERED DNA EVIDENCE.

**ASSIGNMENT OF ERROR II**

THE COMMON PLEAS JUDGE ABUSED [] HIS DISCRETION WHEN HE DENIED THE MOTION TO SECURE DNA TESTING.

**ASSIGNMENT OF ERROR III**

THE COMMON PLEAS JUDGE ABUSED HIS DISCRETION BY NOT RULING A BRADY VIOLATION.

**ASSIGNMENT OF ERROR IV**

THE COMMON PLEAS JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE MOTIONS TO VACATE THE APPELLANT[']S GUILTY PLEA CONVICTION AND GRANT A NEW TRIAL.

{¶5} In his four assignments of error, Boware argues that the trial court abused its discretion in denying various motions that he filed in 2015. This Court disagrees.

**{¶6}** The doctrine of res judicata acts to bar any claim that could have been litigated in an earlier proceeding. *Grava v. Parkman Twp*, 73 Ohio St.3d 379, 382 (1995). In the criminal context, this Court has recognized that "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman*, 9th Dist. No. 00CA007681, 2001 WL 519493, *1 (May 16, 2001), citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

**{¶7}** In this case, the issues Boware raises on appeal are barred by the doctrine of res judicata. In 2013 and 2014, Boware filed numerous motions in the trial court wherein he raised a variety of challenges to his 1993 conviction. All of Boware's challenges were rejected by the trial court. On two separate occasions, Boware unsuccessfully appealed the trial court's orders to this Court. *State v. Boware*, 9th Dist. Summit No. 26952, 2013-Ohio-5225; *State v. Boware*, 9th Dist. Summit No. 27446, 2014-Ohio-5779. In his most recent round of motions filed in 2015, Boware failed to raise any issues that were not either raised, or could have been raised, in his previously filed post-judgment motions. As such, the doctrine of res judicata bars Boware from relitigating those issues in a subsequent proceeding. *State v. Ragle*, 9th Dist. Summit No. 27538, 2015-Ohio-1523, ¶ 9-10.

**{¶8}** Boware's assignments of error are overruled.

III.

**{¶9}** Boware's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MELVN L. BOWARE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.