[Cite as *State v. Boware*, 2018-Ohio-1488.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28749 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN L. BOWARE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-1993-06-1412 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2018

CARR, Judge.

{¶1}   Appellant, Melvin Boware, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   The instant appeal flows from Boware's 1993 conviction for gross sexual imposition.  Boware received a one-year prison sentence that was suspended in favor of a two-year term of probation.

{¶3}   Boware has attempted to attack his conviction numerous times in recent years.  In 2013, Boware filed a group of motions in the trial court challenging his conviction, including a petition for post-conviction relief.  The trial court denied all of the motions and its judgment was affirmed on appeal.  *State v. Boware*, 9th Dist. Summit No. 26952, 2013-Ohio-5225, ¶ 9.  Thereafter, Boware filed another set of motions in the trial court.  Boware's filings included a second petition for post-conviction relief and two motions to vacate his plea.  The trial court

again rejected Boware's challenges to his conviction. On appeal, this Court affirmed the trial court's judgment on the basis of res judicata. *State v. Boware*, 9th Dist. Summit No. 27446, 2014-Ohio-5779, ¶ 7. Boware subsequently filed a third round of motions in the trial court, all of which were denied. Boware appealed and this Court again concluded that his challenges were barred by the doctrine of res judicata. *State v. Boware*, 9th Dist. Summit No. 27975, 2016-Ohio-7024, ¶ 7.

{¶4} Boware filed another group of motions in 2017. Therein, Boware alleged numerous due process violations. The common thread that ran through Boware's motions was that the State had manipulated and mishandled the evidence in his case. Boware further argued that there was newly discovered evidence. Based on these allegations, Boware argued that he should be permitted to withdraw his plea and that the charge against him should be dismissed. On August 11, 2017, the trial court issued a journal entry denying the motions on the basis that Boware's claims were barred by the doctrine of res judicata.

{¶5} On appeal, Boware raises six assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE COMMON PLEAS JUDGE ERRED, RES-JUDICATA IS NOT A BAR TO APPELLANT, MELVIN L. BOWARE NEWLY DISCOVERED EVIDENCE, THE STATE DID NOT DISCLOSE EXCULPATORY EVIDENCE, TO THE DEFENSE, MATERIAL TO APPELLANT, MELVIN L. BOWARE, ACTUAL INNOCENCE, OF RAPE. THAT "THE STATE DID NOT PRESERVE APPARENTLY EXCULPATORY DNA EVIDENCE" AND COMMITTED PLAIN ERROR, BY ADMITTING INTO EVIDENCE, AKRON POLICE INVESTIGATOR [] FABRICATION OF HAVING PRESERVED APPARENTLY, EXCULPATORY CRIME SCENE RAPE DNA, EVIDENCE, ON DIRECT EVIDENCE EXHIBIT (X), THE COMPLAINT. THIS FABRICATED EVIDENCE, SHOULD NOT HAVE BEEN ADMITTED, INTO EVIDENCE, BECAUSE THE STATE HAD NOT PRESERVED, APPARENTLY EXCULPATORY CRIME SCENE RAPE DNA, EVIDENCE,

WHICH, LINKED APPELLANT MELVIN L. BOWARE TO THE ALLEGED RAPE []. (SIC)

## ASSIGNMENT OF ERROR II

THE COMMON PLEAS JUDGE ERRED, RES-JUDICATA IS NOT A BAR TO APPELLANT, MELVIN L. BOWARE NEWLY DISCOVERED EVIDENCE, OF ACTUAL INNOCENCE CLAIM, "THE STATE DID NOT DISCLOSE EXCULPATORY SURVEILLANCE VIDEO EVIDENCE", TO THE DEFENSE, MATERIAL TO APPELLANT, MELVIN L BOWARE ACTUAL INNOCENCE, OF PROVING THAT HE DID NO KIDNAP AND RAPE THE STATE'S ALLEGED WITNESS []. (SIC)

## ASSIGNMENT OF ERROR III

THE COMMON PLEAS JUDGE ERRED, RES-JUDICATA DOES NOT BAR APPELLANT, MELVIN L. BOWARE NEWLY DISCOVERED EVIDENCE, OF ACTUAL INNOCENCE CLAIM, A BRADY VIOLATION, "THE STATE DID NOT DISCLOSE, TO THE DEFENSE, EXCULPATORY EVIDENCE, THAT IT HAD SUPPRESSED THE TESTIMONY OF A MATERIAL WITNESS THE PROSTITUTE/INFORMANT [], WITH A FAVORABLE RULING DEAL ON HER GRAND THEFT CONVICTION". (SIC)

## ASSIGNMENT OF ERROR IV

THE COMMON PLEAS JUDGE ERRED, RES JUDICATA IS NOT A BAR TO THE CLAIM, "THE STATE KNOWINGLY USED THE PERJURED, WITNESSS TESTIMONY []". SUPPORTED, BY DIRECT EVIDENCE EXHIBIT (K). AND NEWLY DISCOVERED EVIDENCE, "THAT THE STATE DID NOT PRESERVE CRIME SCENE RAPE DNA EVIDENCE, WHICH LINKED APPELLANT MELVIN L. BOWARE TO HER ALLEGED RAPE". (SIC)

## ASSIGNMENT OF ERROR V

THE COMMON PLEAS JUDGE ERRED, RES-JUDICATA DOES NOT BAR APPELLANT, MELVIN L. BOWARE NEWLY DISCOVERED EVIDENCE, OF ACTUAL INNOCENCE CLAIM, SUBSTANTIVE DUE PROCESS VIOLATION, EVIDENCE OF A PURPOSEFUL, AKRON POLICE CONSPIRACY, TO MANUFACTURE AND FABRICATE EVIDENCE OF A RAPE AGAINST APPELLANT MELVIN L BOWARE, AND THEN LIBEL, HIM ON THE FRONT PAGE OF AKRON, BEACON JOURANL NEWSPAPERS. (SIC)

**ASSIGNMENT OF ERROR VI**

THE COMMON PLEAS JUDGE ERRED, THE DOCTRINE OF RES JUDICATA IS NOT A BAR TO NEWLY DISCOVERED EVIDENCE, THE "PARTY ADMISSION OF A PARTY OPPONENT," FORMER AKRON POLICE CAPTAIN []. IN HIS LAWSUIT AGAINST THE CITY OF AKRON, AND THE AKRON POLICE DEPARTMENT. (SIC)

{¶6} Boware raises six assignments of error wherein he attempts to raise a variety of issues and further suggests that the trial court erred in concluding that his claims were barred by res judicata. This Court disagrees.

{¶7} "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. To the extent that Boware challenges the validity of his plea, we note that this Court has held that an offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion. *Zhao* at ¶ 7-8.

{¶8} Boware's assignments of error are without merit. As noted above, Boware has filed copious post-judgment motions challenging his conviction in recent years, often alleging foul play by the State or the discovery of new evidence. Boware makes comparable arguments in his most recent set of motions filed in the trial court in 2017. With respect to Boware's claims pertaining to newly discovered evidence, we note that he expounded similar conspiratorial allegations pertaining to exculpatory evidence in prior challenges to his conviction and he has not explained how he was previously prevented from discovering the evidence upon which he now relies in his most recent round of motions. *See State v. Kimbro*, 9th Dist. Lorain No. 13CA010506, 2014-Ohio-4869, ¶ 7, citing *Zhao* at ¶ 7-8 ("An offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion.").

Thus, while Boware contends that his arguments are not barred, he has not made any arguments that were not either raised or could have been raised in a prior proceeding. *Zhao* at ¶ 7. Under these circumstances, Boware is barred from raising these issues under the doctrine of res judicata. *Id*.

**{¶9}** Boware's assignments of error are overruled.

III.

**{¶10}** Boware's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MELVIN L. BOWARE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.