[Cite as *State v. Boware*, 2021-Ohio-2666.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MELVIN L. BOWARE

    Appellant

C.A. No.     29891

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 93 06 1412

DECISION AND JOURNAL ENTRY

Dated: August 4, 2021

SUTTON, Judge.

{¶1}    Defendant-Appellant, Melvin L. Boware, appeals the judgment of the Summit County Court of Common Pleas denying his most recent post-conviction arguments as barred by the doctrine of res judicata. For the reasons that follow, this Court affirms.

I.

**Mr. Boware's Previous Post-Conviction Motions and Appeals**

{¶2}    In *State v. Boware*, 9th Dist. Summit No. 28749, 2018-Ohio-1488, ¶ 2-4, this Court summarized Mr. Boware's numerous attempts to attack his 1993 conviction for gross sexual imposition as follows:

> The instant appeal flows from [Mr.] Boware's 1993 conviction for gross sexual imposition. [Mr.] Boware received a one-year prison sentence that was suspended in favor of a two-year term of probation.
>
> [Mr.] Boware has attempted to attack his conviction numerous times in recent years. In 2013, [Mr.] Boware filed a group of motions in the trial court challenging his conviction, including a petition for post-conviction relief. The trial court denied all of the motions and its judgment was affirmed on appeal. *State v. Boware*, 9th

Dist. Summit No. 26952, 2013-Ohio-5225, ¶ 9. Thereafter, [Mr.] Boware filed another set of motions in the trial court. [Mr.] Boware's filings included a second petition for post-conviction relief and two motions to vacate his plea. The trial court again rejected [Mr.] Boware's challenges to his conviction. On appeal, this Court affirmed the trial court's judgment on the basis of res judicata. *State v. Boware*, 9th Dist. Summit No. 27446, 2014-Ohio-5779, ¶ 7. [Mr.] Boware subsequently filed a third round of motions in the trial court, all of which were denied. [Mr.] Boware appealed and this Court again concluded that his challenges were barred by the doctrine of res judicata. *State v. Boware*, 9th Dist. Summit No. 27975, 2016-Ohio-7024, ¶ 7.

[Mr.] Boware filed another group of motions in 2017. Therein, [Mr.] Boware alleged numerous due process violations. The common thread that ran through [Mr.] Boware's motions was that the State had manipulated and mishandled the evidence in his case. [Mr.] Boware further argued that there was newly discovered evidence. Based on these allegations, [Mr.] Boware argued that he should be permitted to withdraw his plea and that the charge against him should be dismissed. On August 11, 2017, the trial court issued a [J]ournal [E]ntry denying the motions on the basis that [Mr.] Boware's claims were barred by the doctrine of res judicata.

In affirming the trial court's August 11, 2017 Journal Entry, this Court explained:

[Mr.] Boware's assignments of error are without merit. As noted above, [Mr.] Boware has filed copious post-judgment motions challenging his conviction in recent years, often alleging foul play by the State or the discovery of new evidence. [Mr.] Boware makes comparable arguments in his most recent set of motions filed in the trial court in 2017. With respect to [Mr.] Boware's claims pertaining to newly discovered evidence, we note that he expounded similar conspiratorial allegations pertaining to exculpatory evidence in prior challenges to his conviction and he has not explained how he was previously prevented from discovering the evidence upon which he now relies in his most recent round of motions. * * * Under these circumstances, [Mr.] Boware is barred from raising these issues under the doctrine of res judicata.

*Boware* at ¶ 8.

### Mr. Boware's October 26, 2020 Post-Conviction Motion

{¶3} On October 26, 2020, Mr. Boware filed a motion, pursuant to R.C. 2953.23, seeking a new trial based upon "newly discovered" evidence regarding his 1993 conviction for gross sexual imposition. As in prior motions, Mr. Boware alleged the State withheld exculpatory evidence about the State's witness, including that the State's witness was allegedly a "confidential

informant" and "prostitute," and the Akron police did not preserve "apparently exculpatory crime scene rape [] DNA evidence," thus creating a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83 (1963). Mr. Boware also claimed the victim, P.W., filed a false police report in 1993 indicating he had "fondled her breasts."

{¶4} In response, the State contended Mr. Boware's arguments are barred by the doctrine of res judicata, and the trial court could not properly consider Mr. Boware's motion because, pursuant to R.C. 2953.23, Mr. Boware did not "unearth" new evidence. As such, the State argued the motion was fatally "untimely and successive," baseless as a matter of law, and wholly "frivolous." Moreover, the State indicated the newly discovered evidence submitted by Mr. Boware "has been in the public domain for more than the last two decades," and, thus, does not satisfy the requirements of R.C. 2953.23. The State also argued, because Mr. Boware voluntarily entered a plea of guilty, he is not entitled to the same rights and constitutional guarantees as set forth in *Brady, supra*. *See U.S. v. Ruiz,* 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.)

{¶5} The trial court, in its December 15, 2020 Journal Entry, denied Mr. Boware's motion, stating, in relevant part:

> [Mr. Boware] has filed numerous motions over the years asserting reasons why his conviction should be overturned. On each occasion his motions have been denied. The Ninth District Court of Appeals has repeatedly upheld the trial court orders denying the relief sought [by Mr. Boware].

> In this latest filing, [Mr. Boware] has again failed to assert any legitimate basis for granting him a new trial. His claims are precluded by the doctrine of res judicata.

{¶6}    It is from this Journal Entry Mr. Boware appeals, raising two assignments of error for our review.   Because our analysis of Mr. Boware's assignments of error is identical, we consolidate our discussion below.

## II.

### ASSIGNMENT OF ERROR I

**THE COMMON PLEAS COURT JUDGE ABUSED HER DISCRETION BECAUSE [] SHE WAS PRESENTED A SET OF FACTS THAT ARE MATERIALLY INDISTINGUISHABLE FROM A DECISION OF THE PRECEDENT CASE HAZEL-ATLAS GLASS CO. V. HARTFORD-EMPIRE CO., 322 U.S. 238 (1944) WHEN THE STATE[']S FALSIFICATION CAME TO LIGHT WITH DIRECT EVIDENCE LETTER EXHIBIT I, A FALSE COURT ORDER DOCUMENT ISSUED BY AKRON POLICE LEGAL ADVISER DICAUDO AND JUDGE QUINN, THAT FABRICATED TO THE DEFENSE ATTORNEY KERRY O'BRIEN THAT THE STATE HAD PRESERVED APPARENTLY EXCULPATORY CRIME SCENE RAPE DNA, EVIDENCE, FROM THE STATE[']S WITNESS [P.W.]  AND THE COMMON PLEAS COURT JUDGE['][S] DECISION TO NOT REOPEN THE DEFENDANT['S] CASE, AND NOT SANCTION THE PLAINTIFF THE STATE OF OHIO WITH DISMISSAL OF THE STATE[']S CASE, WAS CONTRARY TO THE RULING IN THE PRECEDENT CASE.  "A COURT MAY AT ANYTIME SET ASIDE A JUDGMENT FOR AFTER DISCOVERED FRAUD UPON THE COURT. HAZEL-ATLAS GLASS V. HARTFORD[.] RULE 60(B)[] EXPRESSLY DOES NOT LIMIT THE POWER OF A COURT TO ENTERTAIN AN ACTION FOR THAT PURPOSE.**

### ASSIGNMENT OF ERROR II

**THE COMMON PLEAS COURT JUDGE ABUSED HER DISCRETION BECAUSE [MR.] BOWARE HAD MADE A SHOWING THAT HE IS ACTUALLY INNOCENT WITH NEWLY DISCOVERED EVIDENCE EXHIBIT B, A 93 AKRON POLICE SEXUAL ASSAULT INCIDENT REPORT FILED BY [P.W.], THAT WAS NEWLY DISCOVERED ADDITIONAL EVIDENCE THAT SUPPORTED HIS PRIOR CLAIM DIRECT EVIDENCE EXHIBIT K, A COURT DOCKET ON A PROSTITUTE NAMED [P.A.], THAT HE DISCOVERED ON 7/17/2017, WHICH LED TO THE DISCOVERY THAT THE STATE HAD COMMITTED A BRADY VIOLATION BY NOT DISCLOSING IMPEACHMENT EVIDENCE TO THE DEFENSE THAT A PROSTITUTE INFORMANT NAMED [P.A.] WAS THE STATE[']S WITNESS AGAINST HIM.  THIS IS A SHOWING THAT [MR.] BOWARE IS ACTUALLY**

**INNOCENT BECAUSE HE COMMITTED NO CRIME AGAINST [P.W.]. BECAUSE SHE WAS NOT THE STATE[']S WITNESS AGAINST HIM. IN, PEOPLE V. PITSONBARGER, 205 ILL.2D 444, 459, 275 ILL. DEC. 838, 793 N.E.2D 609 (2002), WHERE A POST CONVICTION PETITIONER MAKES A SHOWING OF ACTUAL INNOCENCE, HE IS EXCUSED FROM THE REQUIREMENTS OF THE CAUSE-AND-PREJUDICE TEST.**

{¶7} As this Court has previously stated, "[u]nder the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. Further, "[t]o the extent that Mr. Boware challenges the validity of his plea, we note that this Court has held that an offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion." *Boware*, 2018-Ohio-1488, ¶ 7.

{¶8} Here, the documents purported to be "newly discovered" evidence, attached to Mr. Boware's motion, are a June 7, 1993 offense or incident report for Gross Sexual Imposition made against Mr. Boware by victim, P.W., and a 1993 newspaper article regarding Mr. Boware being charged with the rape of a woman while on duty as an Akron policeman. Mr. Boware also attached to his motion: (1) an email from one of his former attorneys, with the June 7, 1993 offense or incident report attached; (2) a docket entry from 1994 regarding the resolution of a Grand Theft offense against P.A., the alleged police informant and prostitute that Mr. Boware thought accused him of rape; (3) the June 11, 1993 Complaint against Mr. Boware signed by P.W. alleging Mr. Boware compelled her "to submit by force or threat of force" to engage in sexual conduct in violation of R.C. 2907.02; and (4) a June 15, 1993 Journal Entry requiring Mr. Boware to submit to DNA testing.

{¶9} Indeed, the above-listed documents were available to Mr. Boware for purposes of direct appeal or post-conviction relief. Importantly, the June 7, 1993 offense or incident report for

Gross Sexual Imposition is a public record, and the 1993 newspaper article was available in the public domain for twenty-eight years. Thus, because Mr. Boware could have litigated these issues on direct appeal or in his initial post-conviction motion, his arguments are barred by res judicata.

III.

{¶10} For the reasons stated above, Mr. Boware's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CARR, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

MELVIN L. BOWARE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.