[Cite as *State v. Boware*, 2023-Ohio-1874.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

MELVIN L. BOWARE

    Appellant

C.A. No.     30375

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 93 06 1412

DECISION AND JOURNAL ENTRY

Dated: June 7, 2023

CARR, Judge.

{¶1}    Appellant, Melvin Boware, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    In 1993, Boware pleaded guilty to one count of gross sexual imposition. The trial court imposed a one-year prison sentence that was suspended in favor of a two-year period of probation. Boware successfully completed his probationary period.

{¶3}    Approximately ten years ago, Boware began frequently filing motions in the trial court attacking his 1993 conviction. The trial court has consistently denied these motions and its judgments have been affirmed on appeal. *See State v. Boware*, 9th Dist. Summit No. 26952, 2013-Ohio-5225; *State v. Boware*, 9th Dist. Summit No. 27446, 2014-Ohio-5779; *State v. Boware*, 9th Dist. Summit No. 27975, 2016-Ohio-7024; *State v. Boware*, 9th Dist. Summit No. 28749, 2018-Ohio-1488; *State v. Boware*, 9th Dist. Summit No. 29891, 2021-Ohio-2666.

{¶4} On February 14, 2022, Boware filed a motion for new trial on the basis of newly discovered evidence. Boware claimed that the State had conspired to suppress exculpatory testimony from a witness, P.A., whom Boware alleged to be a police informant. Boware submitted a number of exhibits in support of his motion, including online docket summaries from two criminal cases where P.A. pleaded guilty to grand theft in the Summit Country Court of Common Pleas.[1] In denying the motion, the trial court found that all of the materials that Boware claimed to be newly discovered evidence were public record.

{¶5} Shortly thereafter, Boware filed another motion seeking leave to file a motion for new trial on the basis of newly discovered evidence. Boware claimed that the State failed to disclose an immunity deal where P.A. agreed to cooperate in Boware's prosecution. In addition to resubmitting the aforementioned online docket summaries, Boware submitted a document labeled "Exhibit O[.]" Boware suggested that Exhibit O was a legal memorandum authored by an unnamed Ninth District Court of Appeals judge that supported his theory with respect to P.A.'s involvement in his case. On June 16, 2022, the trial court issued a journal entry concluding that Boware's motion was barred by the doctrine of res judicata. In reaching this conclusion, the trial court determined that Boware had failed to identify any newly discovered evidence and that there was no basis to conclude that Exhibit O was a valid document.[2]

{¶6} Boware filed a timely notice of appeal from the trial court's June 16, 2022 judgment entry.

---

[1] The two cases involving P.A. occurred in 1992 and 1994, respectively.
[2] In regard to Exhibit O, the trial court found that the document "d[id] not include a signature, case number or any semblance of a judge's findings of fact or conclusions of law."

II.

**{¶7}** Boware has set forth 20 assignments of error in his merit brief which we decline to quote here. Boware's core argument on appeal is that the trial court erred by not granting the requested relief because this case involves a fundamental miscarriage of justice.

**{¶8}** "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. Furthermore, as this Court has emphasized in Boware's previous appeals, "[t]o the extent that Boware challenges the validity of his plea, * * * this Court has held that an offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion." *Boware*, 2018-Ohio-1488, at ¶ 7, citing *Zhao* at ¶ 7-8.

**{¶9}** Here, the trial court did not err in concluding that Boware's motion was barred under the doctrine of res judicata. In his prior attempts to attack his conviction, Boware has advanced similar theories pertaining to P.A.'s involvement in his case. *See*, *e.g.*, *Boware*, 2021-Ohio-2666, at ¶ 8. All of the materials submitted by Boware in support of his most recent round of motions were either public record or, in the case of Exhibit O, a nonprobative item that lacked the markings of a valid document. Accordingly, Boware failed to identify newly discovered evidence in support of his motions. As Boware's most recent challenge to his conviction does not involve any arguments that were either raised or could have been raised in a prior proceeding, he is barred from raising them at this time under the doctrine of res judicata. *See Zhao* at ¶ 7; *Boware*, 2018-Ohio-1488, at ¶ 8.

**{¶10}** Boware's assignments of error are overruled.

III.

**{¶11}** Boware's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P.J.
STEVENSON, J.
CONCUR.

APPEARANCES:

MELVIN L. BOWARE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.