[Cite as *State v. Boware*, 2024-Ohio-2983.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.    30962 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN BOWARE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 93 06 1412 |

DECISION AND JOURNAL ENTRY

Dated: August 7, 2024

CARR, Judge.

{¶1} Defendant-Appellant Melvin L. Boware appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 1993, Boware pleaded guilty to one count of gross sexual imposition. He was subsequently sentenced. He did not file a direct appeal and completed his sentence. Since that time, Boware has filed numerous unsuccessful motions attacking the 1993 conviction. *See State v. Boware*, 9th Dist. Summit No. 30375, 2023-Ohio-1874, ¶ 4-6.

{¶3} Most recently, in late 2023, Boware filed two very similar motions seeking a "new trial, under [R.C.] 2953.23" based upon what Boware alleged was newly discovered evidence. The State filed a motion to dismiss the motion for new trial arguing that a motion for new trial was inapplicable as Boware pleaded guilty. Additionally, the State asserted the motion was untimely and barred by res judicata. The trial court issued an entry denying Boware's motion. In so doing,

the trial court construed Boware's motion as a motion for leave to file a motion for new trial. Therein, the trial court concluded that Boware's motion was improper as he pleaded guilty and did not go to trial. In addition, the trial court determined that Boware was not unavoidably prevented from filing his motion within the period authorized by Crim.R. 33.

{¶4} Boware has appealed, raising seven assignments of error for our review.

## II.

{¶5} Boware has set forth seven assignments of error in his merit brief which we decline to quote here. Boware's core argument on appeal is that the trial court erred in denying his motion for leave to file a motion for new trial. Despite his reference to R.C. 2953.23 in his motion in the trial court, on appeal Boware has not contested the trial court's characterization of his motion as one seeking leave to file a motion for a new trial; in fact, Boware does not list R.C. 2953.23 in his list of authorities in his brief.

{¶6} Under Crim.R. 33(A)(6), "[a] new trial may be granted on motion of the defendant * * * [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) provides in relevant part that:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶7} "This Court, however, has held that, if a defendant 'never had a trial, his motion for a new trial [is] a nullity.'" *State v. Demyan*, 9th Dist. Lorain No. 11CA010096, 2012-Ohio-3634, ¶ 5, quoting *Warren v. Keck*, 9th Dist. No. 17986, 1997 WL 303325, *3 (May 21, 1997); *see also*

*State v. Frohner,* 150 Ohio St. 53 (1948), paragraph thirteen of the syllabus ("A plea of guilty in a criminal case precludes the defendant from thereafter making a motion for new trial."). Accordingly, Boware has not demonstrated that the trial court erred in denying his motion for leave to file a motion for new trial.

**{¶8}** Boware's assignments of error are overruled.

III.

**{¶9}** Boware's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MELVIN BOWARE, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.